IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Andrew Kohler | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| Midland Credit Management | ) | |
| 350 Camino De La Reina, Suite 100 | ) | |
| San Diego, CA 92108 | ) | |
| | ) | Jury Demand Requested |
| | ) | |
| Defendant | ) | |

**COMPLAINT**

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1. Plaintiff, Andrew Kohler, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Midland Credit Management, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. 15 U.S.C. Section 1692g does not permit "a debt collector to impose hurdles not found in the statute to submitting a dispute." *Smith v. Convergent Outsourcing, Inc*., 20-cv-04553, (N.D. Ill. 2021)

3. The Seventh Circuit has stated that "[t]he consumer 'is to be protected against confusion, whatever form it takes[,]' be it outright contradiction, literal overshadowing, or failure to explain an apparent contradiction." *Olson v. Risk Mgmt. Alternatives, Inc.,* 366 F.3d 509, 512 (7th Cir. 2004) (quoting *Bartlett v. Heibl*, 128 F.3d 497, 500-501 (7th Cir. 1997)).

4. "[E]ven if a letter properl contains the information mandated by section 1692g(a), 'the debt collector may not overshadow or contradict that

information with other messages sent with the validation notice'" thomollari v. CMRE Fin. Servc., 2017 U.S. Dist. LEXIS 220637* 4-5 (quoting Chauncy v. JDR Recovery Corp., 118 F.3d 516, 518 (7th Cir. 1997)); Section 1692g(b).

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## STANDING AND INJURY

7.Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

8. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
9. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.
10. Moreover, Plaintiff did not dispute this debt because he did not feel comfortable sending this dispute to a mailing address, and if she had known that he could dispute it online, would have done so.

## **PARTIES**

11. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

12. Plaintiff is a resident of the State of Illinois.

13. Defendant ("Midland Credit Management, Inc.. "), is a California business entity with an address of 8668 Spring Mountain Road, Suite 100, San Diego, California 92108, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

14. Unless otherwise stated herein, the term "Defendant" shall refer to Midland Credit Management, Inc..

15. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

16. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

17. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## **FACTS APPLICABLE TO ALL COUNTS**

18. Plaintiff received an initial collection letter from Defendant on or about October 5, 2020. See Exhibit A.

19. Said letter gives Plaintiff the rights under 15 U.S.C. Section 1692g(a). See Exhibit A.

20. Later in said letter, it states, right below the aforementioned rights, "Important Contact Information." See Exhibit A.

21. Included in the "Important Contact Information" area it states "Send disputes or an instrument tendered as full satisfaction of a debt to: Attn: Consumer Support Services 320 E Big Beaver Rd. Suite 300 Troy, MI 48083." See Exhibit A.

22. It is important to note that under the "Important Contact Information" that it gives to addresses specifically for payment. See Exhibit A.
23. In reality, Plaintiff could have excercised her rights under 15 U.S.C. Section 1692g(a) by simply going to the Defendant's website and logging into his online Consumer Account. See Exhibit B.
24. However, she was misled to believe sending it to a street address, via United States Postal Service, was the only way to exercise such rights.
25. In realty, Plaintiff could dispute the debt by filing out at Defendant's website. See Exhibit B.
26. Plaintiff would have exercised her rights for this if she would have been made aware of the statement in paragraph 23 of this Complaint.
27. He valued the relationship with Fifth Third and would have liked to see this investigated, at the very least.

## PRAYER FOR RELIEF

28. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
   (1) Statutory damages;

   (2) Attorney fees, litigation expenses and costs of suit; and

   (3) Such other and further relief as the Court deems proper.

## JURY DEMAND

(1) Plaintiff demands a trial by jury.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff